Good morning, Your Honors. Terry Sleminski appearing on behalf of Mr. Rowe as the appellant in this case. And this case was decided on a FRCP 12-1 v. 6 motion, basically that as a matter of law that we did not state a claim. And there was never any opportunity in the case to do any discovery, file any evidence. It disappeared very quickly. The court below relied upon the Pelfrey case, and though it did go to the Court of Appeals in that circuit, they basically just affirmed it based on that record. So we read that earlier decision. I believe whatever Pelfrey was decided, it was decided based on those particular facts. And I also submit that Pelfrey was wrong. The real problem in this case, and we don't know what ECMC was doing at the time of this case as far as its relationship with the U.S. government, everybody seems to concede that it was acting as a debt collector. And then basically under their motion to say now that it was a fiduciary and that any collection was just incidental to that fiduciary obligation. And they also throw in the originator exception, which was not decided by Dutch. To me, the central argument in their favor is that they were acting as a fiduciary within the meaning of the statute. Why, in your view, were they not acting as a fiduciary? Because the cases that deal with the fiduciary and the language, even including those regs, talked about administrating funds. And in this case, they were not administrating any funds. Perhaps at some point when they take these funds and are holding the funds or administrating funds or loaning funds out, in that case, I only say they may be acting as a fiduciary. I don't think the cases have held fiduciary. I'm sorry. I misheard what you last said. Some cases have held that they are a fiduciary. We've got some other circuit cases that go against you, right? But generally speaking, whether a person is a fiduciary or not, I believe, is generally decided under state law. And no one's said in any cases in Oregon why this would be a fiduciary. Under the Fair Debt Collection Practices Act, they are. Well, but that would be an odd situation. The United States government hires X to collect debts. And you're saying now X's conduct will be judged by 50 different standards? Did State X call? Does Oregon call Corporation X a fiduciary? Does California call or not call? So you have these varied standards. Is your argument really the determination of whether somebody is a fiduciary or not is a function of state law, and you have to look at the state law in 50 states to determine whether the single contractor who is working for the government will be held to a standard A or a standard B? Well, I think you can look to all states, and you try to determine what the common law to come up with a definition of fiduciary. And I don't think there's not a Federal law about what is a fiduciary that I know of. I believe that at times they may be a fiduciary. And I think that's not really the issue before this case. The issue of this case is not whether they act as a fiduciary. In fact, we have no evidence in the cases what really went on, how this was assigned to them or anything. There's no evidence in the court that this is even a guarantee agency or at the time that it was doing whatever it was doing. There's no evidence in the record that this particular matter, and it's this matter that's before the court. All the briefs are dealing with guarantee agencies in general, that they get involved in originating loans, they help make loans, they advise, they consult, all these things, invest funds. None of them deal with this particular facts of this case. Under 12b-6, the pleadings are deemed to be true. They were solely acting as a collector. They have not denied that this was just assigned to them for doing collection. And that's where they run into the real problem, is even if we gave them for the moment, they are acting as a fiduciary at this point. And we don't know because we have no opportunity for discovery. We make the argument in our brief that anybody assigned to do a collection could be then argued to be a fiduciary. There's no question that when somebody hires a lawyer, hires my office or somebody else to collect a debt, people say because you're a lawyer, you have a fiduciary relationship. That doesn't necessarily mean that a lawyer is always a fiduciary. And when they act as a collection person, it becomes moot because the issue is whether they regularly collect debt. So let me make sure I understand your argument. It is that, well, they may indeed be a fiduciary within the meaning of the statute. And if they are a fiduciary within the meaning of the statute, they're not subject to the terms of the Fair Debt Collection Practices Act. But we don't know because all we have is the complaint and the magistrate judge and the district judge were not permitted to rely on the holdings of other cases in which maybe there was a more established record as to the role of this very same agency. That's the argument? That's the first prong of our argument. That is correct. So you think you ought to be able to go to discovery to find out in this case the precise relationship, even though in other cases the record was sufficiently developed to allow those courts to decide that the very same relationship constitutes a fiduciary relationship. I don't know if it was the very same relationship. Again, we don't have discovery. We don't know that in this particular case it was the same relationship. ECMC may have changed its operation since those other cases were decided. We have never had discovery of those contracts, what the contracts describe their duties. But I'll grant you, we may lose that argument. In discovery, we may find out that they are, in fact, a fiduciary. Then the next issue would be whether the collections, is this incidental? And looking at the exception under the Fair Debt Collection Practices Act, I think you have to read the statute as a whole. And you have to read, and they cite the same statute that I cite, you have to read 15 U.S.C. 1692, sub a, sub 6, which is also the definition of a debt collector. And I understand if you find out if it's a debt collector, then you find the exceptions. But in dealing with that, the issue of debt collector is someone who regularly collects debts. Then they make the exception for someone who just is incidental to their fiduciary obligations. There is nothing in the record for them to meet their burden of proof that their collections in this matter, this case, was incidental to their fiduciary obligations. We're saying it certainly appears that it's an important part of their duties and certainly not incidental. But in this particular matter, from the pleadings and what documents we have, it appears that this was their sole duty. It was their sole. This is more like the Wilson case than any of the other cases. With respect to incidental, just as a point, in reading various cases, sometimes we miss a few cases, but there is a point. Have you had a chance to do discovery and file evidence? In a Washington bankruptcy case in 2005, it's 322-BR-429. It's in raid Belvidere. ECMC filed documents and the court found that in 2002, which was just before this case or close around the time, ECMC brought in cash collection proceeds from their collection business of $34,864,000 just in a 12-month period of that year. So collection is their job. It is an important part. But, of course, collection of money is not inconsistent with acting as a fiduciary. Well, I guess then if you're saying that just because you hire a collector, then that person would be a fiduciary. No, no, that's not at all what I'm saying. Someone can be a fiduciary or some entity can be a fiduciary and collect money in the capacity as a fiduciary. It is not inconsistent with being a fiduciary that one collects money. I understand. A personal representative of an estate, for example, might have to collect some bills and they're merely incidental to that. And, again, well, I'm not even sure incidental. I mean, that's part of their job. Well, if they were hired primarily to collect the bills and that's why they were selected for PR, then maybe it wouldn't be incidental if that wasn't their job. And, again, we'll fall back on this. We've never had an opportunity to develop this and find out what was going on in this case. Their whole briefs, their whole approach is what all agencies do. Generally speaking, there was no addressing as to what ECMC does. They avoided any facts as to what ECMC does. We don't even know that there is, that they are a guarantee agency. I know Judge Hogan said that we admitted that. I can't find where we admitted that in the record. In the government's brief, they state, they cite Judge Hogan stating that we admitted it. I think because we are arguing about government agencies that we're tacitly somehow admitting it, I don't think there is such a tacit admission. Thank you. Okay. Well, you've got some time.  Okay. Good morning, Your Honors. May it please the Court, my name is Curtis Zahn. I'm here on behalf of Educational Credit Management Corporation. And are you going to share time in the argument? Yes, Your Honor. Teal Miller here is on behalf of the Department of Justice for the United States Department of Education, and my plan is to cede. I'll speak no more than eight minutes, and we'll get the rest of the time, or perhaps less. Counsel is solely focusing on one aspect of what guarantee agencies do. Wait a minute. Let's get to the foundational question here. There has been no fact-finding in this case by the district court. All it is is ruling on a complaint. And the court, as I understand it, took judicial notice of other decisions involving your client. Is that right? That's one of the ideas, Your Honor. Okay. So how do we know that what you're doing in Oregon is comparable to those? Why isn't he correct that this should have been more properly a motion to dismiss – excuse me, a motion for summary judgment? Well, Your Honor, obviously, when anyone brings a lawsuit – No, don't tell me. Just don't tell me. Well, I mean, I think established from the law, I think you can look at, obviously, all the other cases, the opinion of the Department of Education. You can go to the Department of Education's website and look at their list of guarantee agencies. It is readily available that Educational Credit Management Corporation, from a variety of sources, is a student loan guarantee agency. And so for Rose Counsel to bring a lawsuit and just say, I've ignored the abundance of law, the abundance of authority, and I just want to call them a debt collector, and so therefore, I should be able to get past the motion to dismiss and do discovery and go on a fishing expedition, I think kind of – it kind of belies the purpose of a motion to dismiss. I mean, a guarantee agency should not have to defend what would essentially be a frivolous lawsuit. There's no basis for him to claim that E-CMT is not a guarantee agency. There's no basis for him to claim that all we do is debt collection. What is the evidence in this record that you are a guarantee agency? I think you have – well, I mean, you're going to have the case law. I mean, you don't have anything actually in the record because he didn't claim that we were a guarantee agency. But I don't think he should be able to avoid a motion to dismiss by simply ignoring that fact. Ignoring the fact. He has no basis – he has no good faith basis not to claim that we're a guarantee agency. I think what you have here is he's holding on to the tail of the proverbial elephant and saying because this looks like a debt collector. Yeah. I'm troubled by the same question that Judge Fisher's troubled by, and that is you can tell me that you're behaving in precisely the same way that you behaved in these other cases. How do I know that that's true? You can say that you're a guarantee agency, but how do I know that that's true? What do we have in the record that tells us that? Well, the court could. I mean, in this case the court didn't need to, but obviously the court could look at information from the Department of Education itself, and ECMC is listed as a student loan guarantee agency. Again, I don't think that any party can go past a motion to dismiss by simply ignoring the facts and making statements that frankly just aren't true. Well, but that's Judge Fletcher's point, is where are the facts? I mean, you say you can ignore the facts. No, of course you can't ignore the facts, but generally that's the kind of word – that's the language for summary judgment, and that's what you say. You say, well, look, here are the undisputed facts. There's no material issue of fact in dispute, and therefore it ought to be summary judgment. Actually, Palfrey was a summary judgment case, right? Correct, Your Honor. So the question is, here, here, you know, where are the facts? And I don't think it's an answer to say, well, you can't ignore the facts, because you're right. We all know that, or we shouldn't ignore that. True. The record, I mean, obviously wasn't developed because it was a motion to dismiss. Right. So the court relied, obviously, on established case law and – But is that the answer? We just look to the characterization of this entity by the Department of Education or we look at Palfrey and we say, well, there it was litigated and here is what was found in Palfrey, and that's enough. You don't have to go any further. There's no – that's it. That's the inquiry. Well, as counsel mentioned, I mean, that they conceded – I wasn't at the actual motion to dismiss hearing, but conceded that ECMC was a guarantee agency. I wasn't present at that. Well, okay. Obviously. Obviously, if that's in the record. Does anybody can point to it in the record? I said I wasn't at the – Well, yes, but you did the nice thing about records is you don't have to be there. Is there a transcript? You're unaware of the records. I'm unaware of the records. Okay. Well, what – On that issue. But you're saying there was a hearing? There was a hearing. Before the court? That's my understanding, Your Honor. And it was on the record hearing? Originally, he did not respond. On the record hearing? That's my understanding, Your Honor. Okay. So it would probably be a transcript. There should be, Your Honor. Yeah. We can take judicial notice of it. There should be, but you don't know? Did you read the record? I read the briefs, Your Honor, and I went through the analysis and everything else, but I didn't – there wasn't a transcript that was provided on behalf of the appellant. I mean, obviously, as the appellee, he doesn't provide a record for the court to decide the issue. Yeah, but you're the one who's saying that there's an admission on the record. So that's why we're – and counsel has said no. He said, I was there. I guess you're saying you were there, or somebody was there and it wasn't an admission. I don't know. We've got to get the real parties of interest up here and find out what was going on. Well, and as the appellant, obviously making that assertion, he'd have to provide a record for this court to look at. I thought you're the one who's making the assertion. Well, we are – as the appellee, obviously, we are seeking affirmance of the lower court's decision, and we're not – I mean, the argument's never really been made. Do you understand that in a motion to dismiss, we have to take all the allegations of the complaint as true? Yes, Your Honor. As true? Okay. So where are your facts? Well, with that in mind, Your Honor, obviously you can't make statements that aren't true. I mean, you can't make statements – Well, you haven't challenged them. I mean, well, you can make lots and lots of statements that aren't true. You know, you just make them. If it turns out they're not true, okay, then you get dismissed and maybe even get sanctioned. True. But until we've had some sort of a hearing as to the truth of them, or we have some other way, maybe collateral estoppel, maybe res judicata, maybe all of this is governed by statute and regulation and what actually goes on on the ground. We are supposed to assume that it's consistent with the statute and regulation. All those things are possible arguments. You've made none of those arguments. Well, and obviously, I mean, the relationship between guarantee agencies and lenders and the Department of Education are all governed by extensive statutes and regulations. And the one thing about his argument is that to accept it, that means that even if this Court were to find that guarantee agencies are not subject to the FDCPA, that every other case that came after it, you'd always have to do discovery. No, you wouldn't have to do discovery, Counsel. There's a Rule 11 requirement of a good faith filing on behalf of the plaintiffs. If it's a frivolous lawsuit, you have a remedy there. But to say that somebody has a status, for example, if it's a federally insured bank, you have to, the government has to put in the evidence that it's a federally insured bank, you know, not just say it is. They have to prove it. It's a failure if they don't. So, and that's a burden that comes on them as a matter of pleading. So you're asking us to say, well, in this case it's so obvious. We go to the website of DOE. Government websites are not 100% accurate. We don't know whether it was decertified for a while. Yeah, maybe. So we go up on the website and we find it's listed as a guarantee agency. But then they come in and say, oh, guess what? They were on probation because they violated and they didn't have that status. Why are we doing this on a motion to dismiss? Well, and I guess the court would have to find that the district court obviously erred in finding that ECMC is a guarantee agency. Well, we may have. We could just simply say there's not a record. But just so you understand, a summary judgment motion doesn't necessarily require discovery. The court, you can put in enough on your motion for summary judgment, and the district court can decide it's there and cut off discovery or make the burden. It happens all the time. The judge says, all right, it happens frequently in jurisdictional disputes and so forth. You allow some discovery limited by the district, limited to the particular subject, and you entertain a motion for summary judgment. I don't know that it's necessarily that we're going to get into all the practices and so forth of what happened in Oregon. If you're right, if you're right, that's a pretty simple thing to develop a record. Well, and as you mentioned in Pelfrey, it was where I was in the motion to dismiss, which was considered a motion for summary judgment. And obviously, the court could have done that as well if it considered things outside of the pleadings. I see my time is up. I want to cede to the Department. May it please the Court. Teal Luthy Miller from the Department of Justice on behalf of the United States. If this Court concludes that it's appropriate to send this back for a limited summary judgment proceeding, we have no objection. I want to make a couple of points about why that might not be necessary. I'm not sure you have standing. You're Zemeckis Curiae, aren't you? You can't tell us whether you have no objection. I'm not sure you have any right to. In my role, as Emick said, I'd just like to point to a couple of points in the record that I think might be relevant. Okay. Page 25 and 26 of the excerpts of records filed by the plaintiff are his opposition to the motion to dismiss. Hang on a second. I've got to get there. Okay. There's always a hazard in giving me a page number because I might look. Okay. I'm now on pages 25 and 26. Okay. Pages 25 and 26 do not contain the sentence that ECMC is a guarantee agency. So if that's what's necessary for a concession, then I don't think you'll be satisfied by this. It is a discussion, however, that ---- So you're pointing me to page 25 and 26 to point out something that's not there? Or there's something that is there? No. There's something that's there. Okay. Okay. Where is it? I'm on page 25 and 26. 25 and 26, after the heading, they begin, Private guarantee agencies clearly fall under the general definition of debt collectors. Well, why are private guarantee agencies relevant unless ECMC is one? The discussion in the brief assumes, I think, fairly assumes, and the district court believed that plaintiff had conceded that ECMC was a guarantee agency. That's what the district court was going on. And I just wanted to clarify for the court where I believe the district court found it appropriate to decide this on a motion to discuss. That was helpful. Two other points. If you do decide to send it back for a summary judgment proceeding, you could clarify that Brannon doesn't foreclose the argument that ECMC has made, which is a question that the district court addressed. So the district court could be a candidate. That's the government actor case? Yes. And second, I'd also like to note that there's an error in our brief. We cite to the 2000 versions of Section 34 CFR 682.410b6 for the point that there's a potential conflict between these two acts. The point still stands, but I wanted to note that we had made an error in the citation. If there are no further questions. Thank you. Thank you. Thank you. Thank you. I'll just take a minute to clarify a few things. And I think the court probably knows of the record that there never was a hearing. There is no transcript. The motion to dismiss was filed shortly after they were served. There was a stipulated order in the record where they agreed to get last time to respond to their motion. It was signed by Judge Hogan on the 23rd, allowing us to file it on the 27th. But before we could file it, Judge Hogan granted the motion to dismiss before we got a response in, as the judge said he would allow us to do. What is your explanation of your papers in response to the motion to dismiss? This plaintiff's first claim for relief states a claim upon which relief may be granted because ECMC is a debt collector and subject to the FDCPA. Private guarantee agencies clearly fall under the general definition of debt collector. Why isn't that a concession? No, I don't think it's a concession. Why are you talking about it? Because they're saying that they are a private collection agency, and, therefore, I'm saying that private debt collectors are not totally exempt. So, I mean, I'm not stating that they are one or conceding that in any respect. And I grant you, they may be, but we don't know. I mean, and then the judge is correct. They filed something, and I don't know what it was they filed, but maybe there's something we cannot respond and it takes care of that, as far as filing any relief. Yours was, in effect, you're saying even assuming they are a private debt collection agency. I'm assuming, even assuming they're a guarantee agency. That's correct. That's what you meant to say. Because they could have other duties, and you have to look at this matter. I don't think once they wear the blanket of a guarantee agency that everything that they do would be exempt. I don't think that would be the case. I think there could be a number of exceptions. In this case, they may be just acting solely as a debt collector. Unless the Court has any other reason. You don't want us to assume that they are a guarantee agency, right? No, I don't think you should assume that. For the purposes of this matter, they may have been, and they may be again. And we don't know that, because at this time, with the relationship to my client, they were acting solely as a debt collector. Well, and what a guarantee agency is, in my view, is not necessarily a stable definition. I mean, the question for us is whether or not they're fiduciary within the meaning of the statute. That is correct, and that's fact-driven, which we have no facts in this record at all. And I'm not sure that I have a stable definition of guarantee agency, so that if you tell me they are or are not, I can necessarily know whether they are fiduciary. Well, again, that's a term that they use themselves, and they've not defined it. And I don't know the facts of this case to apply to a definition which is not before you or that I am privy to. Okay. Thank you very much. Okay, thank you. The case of Roe v. Educational Credit is now submitted for decision. Educational Credit Management Corporation is now submitted for decision. Let's see. Do you want to take a break, or do you want to do this? I'm fine. Do you want to take a break? How long? We've got 15 minutes per side, and we've got two panels. We only have three more. We have three more. Let's take three more. I will take a break before we go. Next case on the argument calendar, we're going to do this one on April 8th. Schoen v. Freightliner LLC.
judges: Fletcher, Fisher, Breyer